RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 15a0076p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

_____

FRANK RAGOZZINE,

               *Plaintiff-Appellant,*

    *v.*

YOUNGSTOWN STATE UNIVERSITY; CYNTHIA E. ANDERSON, individually and in her official capacity as President, Youngstown State University; KAREN GIORGETTI, individually and in her official capacity as Chair, Department of Psychology, Youngstown State University,

               *Defendants-Appellees.*

No. 14-3365

Appeal from the United States District Court
for the Northern District of Ohio at Youngstown.
No. 4:13-cv-00750—Benita Y. Pearson, District Judge.

Argued: January 23, 2015

Decided and Filed: April 22, 2015

Before: NORRIS, ROGERS, and WHITE, Circuit Judges.

_____

**COUNSEL**

**ARGUED:** Bruce B. Elfvin, ELFVIN & BESSER CO., L.P.A., Cleveland, Ohio, for Appellant. Michael C. McPhillips, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, for Appellees. **ON BRIEF:** Bruce B. Elfvin, Barbara Kaye Besser, Stuart Torch, ELFVIN & BESSER CO., L.P.A., Cleveland, Ohio, for Appellant. Michael C. McPhillips, Ashon L. McKenzie, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, for Appellees.

―――――――――

**OPINION**

―――――――――

ROGERS, Circuit Judge.   In this employment discrimination case brought by a male professor who was denied tenure at a public university, the plaintiff—after summary judgment was entered against him—sought recusal of the federal district judge, on the ground that the judge had been dating a professor in a different department of the university.   The district court denied the motion and the plaintiff now challenges on appeal both the grant of summary judgment and the denial of the recusal motion.   For the reasons given by the court below, the plaintiff's substantive challenges to the summary judgment lack merit.   The denial of the recusal motion, moreover, was proper because the district court reasonably concluded, on the facts of this case, that her impartiality could not reasonably be questioned.

Plaintiff Frank Ragozzine was a tenure-track professor in the Psychology Department at Youngstown State University.   His first several years as a tenure-track professor did not produce much scholarship.   Ragozzine attributed the initial delay to his lab's not being fully operational until his second academic year.   In the beginning of his fifth academic year, his mother and his wife fell ill, with some caretaking responsibilities falling on him.   He requested and was granted a year's delay in the review of his tenure application so that he could publish scholarly articles to satisfy YSU's tenure requirements.   Although he met the minimum requirements with a last-minute flurry of publications, he was ultimately denied tenure because YSU decisionmakers determined that he lacked promise of consistent scholarly production.   Ragozzine sued, alleging that he was discriminated against on the basis of sex in violation of Title VII and the Equal Protection Clause, that YSU violated his rights under the Family Medical Leave Act, and that irregularities in his tenure review violated his procedural and substantive due process rights.   The district court granted summary judgment for the defendants on all claims.   For the reasons given in the district court's thoughtful and comprehensive opinion, Ragozzine's substantive challenges to the grant of summary judgment are without merit.   *See Ragozzine v. Youngstown State Univ.*, 2 F. Supp. 3d 1051 (N.D. Ohio 2014).   No purpose would be served by restating those reasons here.

After summary judgment, Ragozzine filed a motion to disqualify the judge, based on a previously undisclosed dating relationship between the judge and a tenured YSU faculty member. Ragozzine argued that the relationship created an appearance of impropriety under 28 U.S.C. § 455 and Canon 3(C)(1) of the Code of Conduct for United States Judges and that this appearance of impropriety required disqualification of the judge and relief from all her prior orders. The district court properly denied that motion, concluding that no reasonable person would question her impartiality.

Ragozzine alleged that, shortly before the district court issued its decision granting summary judgment for YSU, he heard a rumor from another faculty member that a tenured YSU faculty member "was seen with [the judge] at some university sponsored events." After the summary judgment decision, Ragozzine shared the rumor with his lawyer, who "verif[ied]" that the professor and judge were dating, and filed the motion for disqualification.

According to Ragozzine, the YSU professor was a professor in the College of Liberal Arts and Social Sciences, which also includes the Psychology Department. Ragozzine suggested that because the YSU professor was not involved in the bargaining unit, he supported the administration's denial of his tenure. Ragozzine further alleged that he had once given a poor grade to a student who he believed was a close family relative of the YSU professor. According to Ragozzine, these facts, together with the YSU professor's relationship to the judge, created the appearance of impropriety. Ragozzine expressly did not allege any actual bias on the part of the judge.

The judge was not required to recuse herself. Judges are bound by the recusal standard established by Congress and set forth in 28 U.S.C. § 455(a): "Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The statute requires a judge to recuse "if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990) (discussing 28 U.S.C. § 455(a)). A relationship with a tenured member of a university faculty, without more, would not necessarily cause a reasonable person to question a judge's impartiality regarding all matters involving the university. There is no evidence that the YSU professor was involved in any way in Ragozzine's

tenure review or had any interest in the outcome of the litigation. The YSU professor's decision not to participate in the bargaining unit and the poor grade earned by the YSU professor's relative in Ragozzine's class are too insubstantial and too attenuated from Ragozzine's tenure denial to raise reasonable questions about the judge's impartiality.

In making its determination, the district court referred to advice from the Committee on Codes of Conduct of the Judicial Conference of the United States. Such a source may indeed be helpful for determining her ethical obligations, but it is not authoritative with respect to the statutory provision relied upon by plaintiff in this case.

The statutory obligation of a federal judge to recuse found in 28 U.S.C. § 455 is almost word-for-word identical, with merely editorial differences, to Canon 3C of the Code of Conduct for United States Judges. The statutory provision is binding on the courts as law applicable to whether recusal is required. The substantially identical canon provision is a subset of a code of judicial obligations that are ethically binding. While the content of the recusal obligations is virtually identical, the methods for obtaining compliance are distinct.

The committee is authorized to render advisory opinions with respect to the code recusal obligations, although not with respect to the statutory recusal obligations. The committee renders its advisory opinions, on recusal as well as other ethical issues, in several ways. First, the committee issues relatively formal advisory opinions that address frequently occurring questions. There are currently 93 such advisory opinions, and they are available to the public. *See* Guide to Judiciary Policy, Vol. 2B, Ch. 2, Published Advisory Opinions, http://www.uscourts.gov/RulesAndPolicies/CodesOfConduct/published-advisory-opinions.aspx. The committee also provides private, confidential advice letters on the request of judges to whom the code applies. Advice from the Committee should doubtless be given considerable weight in a judge's determination of her ethical obligations. Such advice, however, is not a definitive interpretation of the statutory recusal obligations of 28 U.S.C. § 455(a).

Next, the district court was not required to disclose the possible conflict to the parties, contrary to Ragozzine's argument. Ragozzine argues that judges must disclose possible conflicts so that the parties can either waive the possible conflict or seek recusal of the judge. In advocating for the required disclosure of possible conflicts, Ragozzine's counsel cites his

experience of other judges having disclosed possible conflicts.  When a judge makes a determination that her impartiality could *not* reasonably be questioned, the judge is permitted to disclose the matter to counsel in order to settle the matter or to permit a motion to recuse.  But Ragozzine points to no statutory or judicial authority requiring a judge to do so.

In the quite different situation where a judge determines that her impartiality *could* reasonably be questioned, the statute and the Code of Conduct provide for the possibility of waiver unless one of five listed circumstances is the basis for the disqualification, 28 U.S.C. § 455(b), provided the waiver "is preceded by a full disclosure on the record of the basis for disqualification." 28 U.S.C. § 455(e).  The Code of Conduct refers to this waiver as "Remittal of Disqualification," and further requires that "the parties and their lawyers have an opportunity to confer outside the presence of the judge, and that all agree in writing or on the record that the judge should not be disqualified."  Canon 3D, *available at* http://www.uscourts.gov/ RulesAndPolicies/CodesOfConduct/CodeConductUnitedStatesJudges.aspx.  Because the district court in this case determined that her impartiality could *not* reasonably be questioned, the § 455(e) waiver and Canon 3D remittal procedure—with its required disclosure—was simply not applicable.

Recusal was not required, and the judgment of the district court is affirmed.